## STATE OF FLORIDA v HALL, et al.
### Case No. 8601288CFAWS
Sixth Judicial Circuit, Pasco County

March 30, 1987

### APPEARANCES OF COUNSEL

**Office of the State Attorney** for plaintiff.

**Eugene Beil, Stephen Dehnart, Christopher Thiel,** and **Stanley Mills** for defendants.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

THIS MATTER coming on to be heard upon separate Motions for New Trial filed on behalf of each of the defendants, Richard Hall,

Dennis Gromer, Gary Gromer and Walter Thomas, and the Court having heard argument of counsel, the Court notes the following facts with respect to this case:

1. The State filed a single information charging each of the defendants herein with one count of kidnapping and one count of sexual battery.

2. A Motion for Severance was filed on behalf of defendant, Walter Thomas and denied.

3. This matter was tried before the Court October 13, 1986, through October 16, 1986. At the close of the State's case, the Court granted a Motion to Dismiss the kidnapping count as to Walter Thomas. During the defense portion of the case, the Court granted a mistrial due to a discovery violation by the State.

4. The matter was again brought to trial January 13, 1987, through January 22, 1987, and at the close of State's case, the Court granted a Motion for Acquittal as to the sexual battery charge against defendant, Dennis Gromer.

5. The case against all four of the defendants rested primarily upon the testimony of the alleged victim. This testimony contained numerous, relatively substantial, conflicts when compared with her earlier statements and sworn testimony.

6. Testimony of police officers also contained several conflicts with their earlier testimony.

7. A number of statements which officers attributed to various defendants, as well as statements made by at least one defendant who testified, were contrary to the interests of the co-defendants.

8. During the course of the trial two of the co-defendants, Gary Gromer and Richard Hall, engaged in a spontaneous, hostile, verbal outburst in the presence of the jury.

9. During the trial an Assistant State Attorney indicated before the jury that defense counsel previously had received a copy of Deputy Silcott's report, although counsel as well aware that the State had objected to furnishing such report to the defense and that the objection had been sustained by the Court.

10. The State implied before the jury that the defense attorneys had taken unfair advantage of Deputy Silcott at the time of the deposition.

11. Prior to trial, defense moved to dismiss the cause because of the State's improper handling of blood samples from the alleged victim. At that juncture, the State stipulated that the blood samples were

106

properly handled by the sheriff's department. Based upon this representation, the defense did not pursue the matter. However, at trial, the State's expert witness, called by the defense, testified under examination by both the defense and the state that the samples were worthless and the test results meaningless because the sheriff's department had delayed too long in sending samples to be tested.

12. The State's case depended total upon the credibility of the alleged victim, and the State's delay in having the blood alcohol analysis performed destroyed the only possibility for the defense to impeach the alleged victim with totally objective evidence.

13. The evidence with respect to defendants, Dennis Gromer and Walter Thomas, was considerably less convincing than the evidence against the other two defendants.

14. In the State's closing argument, the prosecuting attorney engaged in numerous improper remarks including:

a) villifying the defendants as "a gang", "an animal", "a mob", "a four head animal", "four scruffy looking animals", "scruffy looking people" and "scruffy looking individuals"—prohibited name calling which attached the defendants personally rather than addressing the evidence of their guilt,

b) arguing that the jury should not "let these four defendants think it is all right to go out in this community and pick out law abiding citizens like this, and when it's four to one . . . "—if not a "send a message to the community" argument, at least an improper appeal to the jury to teach the defendants a lesson,

c) attacking the motives or methods of defense counsel by accusing them of the following: engaging in fabrication, trying to confuse the jury, trying to obscure the truth and create a smoke screen, creating an "octopus defense" in an attempt to confuse the jury, and implying that they thought the victim was a "dirt bag",

d) inviting the foreman of the jury to place himself in the position of the alleged victim and understand her feelings (by referring to the juror's having been shot in the line of duty and receiving a disability retirement—this despite the fact that this case involved no shooting, substantial injury, disability, or injury in the line of duty)—clearly a "golden rule" argument,

e) invoking the sympathy of the jury (perhaps unintentionally) by referring (in response to a defense comment) to personal problems, " . . . this trial has taken its toll. I have lost some vision in one eye this week, and my eyesight in one eye is very blurry."

107

Although the court feels that the case against all four defendants was less than conclusive, the Court cannot and will not substitute its judgment for the verdict of the jury. However, with respect to two of the defendants, Dennis Gromer and Walter Thomas, the Court feels that circumstances, including the improper conduct and comments of the prosecution, the outbursts of the co-defendants, and in the case of Walter Thomas his being required to defend himself in the same trial with his co-defendants, combined to prejudice the case and influence the jury to the point that the defendants were deprived of due process and the essential fairness to which they were entitled. *Peterson v. State*, 376 So.2d 1230 (Fla. DCA 1979). With respect to any requirement of timely objection, the Court notes that because of the cumulative nature of the prejudicial conduct, it is difficult to determine at what point the matter would have been ripe for objection. The Court further holds that there is here such a violation of fundamental rights that any failure to object cannot be found a waiver of those rights.

Therefore, based upon these grounds, the Court grants the Motions for New Trial of Dennis Gromer and Walter Thomas. The other motions of those two defendants and their Motion for New Trial on other grounds are denied. The Motions for New Trial of Gary Gromer and Richard Hall are denied.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 30th day of March, 1987.